# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HIGH DESERT RELIEF, INC., A NEW
MEXICO NONPROFIT CORPORATION,

      Petitioners,

v.                                                    No. 16-cv-1255 WJ/KBM

UNITED STATES OF AMERICA,

      Respondent.

## **MEMORANDUM OPINION AND ORDER**
## **GRANTING RESPONDENT'S MOTION TO DISMISS**
## **FOR FAILURE TO STATE A CLAIM**

THIS MATTER comes before the Court upon Respondent's ("the Government") Motion to Dismiss for Failure to State a Claim, filed January 17, 2017 (**Doc. 4**). Having reviewed the parties' briefs and applicable law, the Court finds that Respondent's motion is well-taken and, therefore, is GRANTED.

## BACKGROUND

Petitioner High Desert Relief, Inc., ("High Desert Relief") is a New Mexico non-profit corporation and a medical marijuana dispensary in New Mexico. The petition seeks to quash an administrative summons issued to Southwest Capital Bank and asserts that the Internal Revenue Service ("IRS") is abusing its authority under its civil audit power to conduct essentially a criminal investigation of the Controlled Substances Act, 21 U.S.C. §801 et seq. ("CSA"). Petitioner contends that such an inquiry is outside the United States Tax Code and outside of the civil and even criminal authority of the IRS. Petitioner seeks to quash the summons because it was not issued for a legitimate purpose.

Respondent IRS has previously issued three other summonses to third parties concerning High Desert Relief: to My Bank, Public Service Company of New Mexico ("PNM") and the New Mexico Department of Health ("NMDOH") seeking various materials including examination books, savings and checking accounts, and loans or safe deposit boxes held by Petitioner. Petitioner has filed two other separate lawsuits in connection with the issuance of those summonses: one to quash the summonses issued to My Bank and the NMDOH, *High Desert Relief, Inc. v. United States of America*, No. 16-cv-469 MCA/SCY; and the other subsequently to quash the summons issued to PNM, *High Desert Relief, Inc. v. United States of America*, No. 16-cv-816/SCY. These two cases were consolidated into No. 16-cv-469 on joint motion of the parties. *See High Desert Relief, Inc. v. United States,* (*"HDR I"*), No. 16-cv-469, Docs. 1 & 14.

On March 27, 2017, this Court entered an Order to Show Cause why this lawsuit should not be consolidated with the other the other two consolidated cases. Doc. 13. On April 5, 2017, the Government timely filed a response to the Court's Order to Show Cause, stating that it did not object to the consolidation. However, four days after this Court's Order to Show Cause was filed (and five days before the Government filed its response to the Order to Show Cause), the presiding judge in the consolidated cases, Chief U.S. District Judge M. Christina Armijo, issued a Memorandum Opinion and Order in *HDR I* granting the Government's Motion to Dismiss Petitioner's Petition to Quash and Motion to Enforce the Summons and entering an Order Enforcing Summons. No. 16-cv-469, Docs. 28 & 29 (filed March 31, 2017).

In the Government's response to the Order to Show Cause, in addition to not objecting to consolidation, the Government further states that if the Court does not consolidate this case with

2

*HDR I,* it requests that this Court follow the *HDR I* decision and dismiss the petition to quash and enforce the IRS summons to Southwest Capital Bank.

Petitioner has not submitted any response to the Court's Order to Show Cause.

## DISCUSSION

As the Court noted in its Order to Show Cause, this case appears to be identical to *HDR I* except that the IRS summons is directed to another entity. Petitioner's position and the arguments presented by both sides are the same arguments raised in *HDR I*. Petitioner contends that neither the CSA nor the Tax Code gives the IRS authority to determine whether a taxpayer has violated federal drug laws. The Government contends that Petitioner is under an obligation to pay all federal taxes that are due on activities that are legal as well as illegal and that if High Desert Relief is in the business of selling marijuana, it is required to pay taxes on any profits made from that business. The IRS would therefore be entitled to conduct an investigation in order to determine whether the information submitted by High Desert Relief substantiates the gross receipts and income information it reported on its tax returns.

In the interest of judicial economy, there would be no point in considering consolidation after a ruling has been made on the merits in *HDR I*. This Court has reviewed the detailed analysis of the issues which has been set forth in Chief Judge Armijo's opinion and finds that, for the same reason of judicial economy, there is also no point in proceeding with a separate analysis on the same issues presented in this case. In her opinion, Chief Judge Armijo addressed all of the arguments Petitioner makes in the petition to quash in this case. Specifically, in *HDR I,* the court found that Section 26 U.S.C. §280E is a civil statute and that the IRS may investigate whether a party is violating the controlled Substances Act for purposes of applying Section 280E

3

without conducting a criminal investigation.[1] The court also concluded that the Government met the requirements in *U.S. v. Powell,* 379 U.S. 48 (1964), which set forth the standard for government enforcement of an IRS summons and as a result enforced the two remaining summonses issued in that case.

The Court finds the decision in *HDR I* to be very persuasive authority. Accordingly, the Court for the same reasons articulated in *HDR I* reaches the same result in this case. More specifically, the Court hereby adopts the findings in *HDR I,* No. 16-cv-469, Doc. 28, and concludes that even under the most generous reading of the allegations in the petition, Petitioner has failed to allege facts sufficient to disprove the IRS' legitimate purpose in issuing the summons in this case. The petition to quash shall therefore be DISMISSED for failure to state a claim upon which relief may be granted pursuant to the Government's Motion to Dismiss.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

---

[1] 26 U.S.C. § 280E disallows deductions for business expenses if the business "consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted."