# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HIGH DESERT RELIEF, INC., A NEW
MEXICO NONPROFIT CORPORATION,

      Petitioner,

      v.                                    No. 16-cv-1255 WJ/KBM

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER
## DENYING PETITIONER'S MOTION TO STAY RULING ON PETITION TO QUASH

THIS MATTER comes before the Court upon Petitioner's Motion to Stay Ruling On Petition to Quash, filed April 11, 2017 **(Doc. 15)**. Having reviewed the parties' briefs and applicable law, the Court finds that Petitioner's motion is not well-taken and, therefore, is denied.

## BACKGROUND

Petitioner High Desert Relief, Inc., ("High Desert Relief") is a New Mexico non-profit corporation and a medical marijuana dispensary in New Mexico. The petition seeks to quash an administrative summons issued to Southwest Capital Bank and asserts that the Internal Revenue Service ("IRS") is abusing its authority under its civil audit power to conduct essentially a criminal investigation of the Controlled Substances Act, 21 U.S.C. §801 et seq. ("CSA"). Petitioner contends that such an inquiry is outside the United States Tax Code and outside of the civil and even criminal authority of the IRS. Petitioner seeks to quash the summons because it was not issued for a legitimate purpose.

The Court recently granted Respondent's (the "Government's") Motion to Dismiss for Failure to State a Claim (Doc. 4), finding that Petitioner failed to allege facts sufficient to disprove the IRS' legitimate purpose in issuing the summons in this case and the petition to quash was dismissed for failure to state a claim upon which relief may be granted. Doc. 17. The Court deferred entering a separate order enforcing the summons to Southwest Capital Bank until it could consider the instant motion to stay. Doc. 18.

Petitioner has filed this First Motion to Stay (Doc. 15) in light of an appeal in a case that is currently under advisement before the Tenth Circuit Court of Appeals, *Green Solution Retail, Inc., et al. v. United States, et al.,* No. 16-1281 (10th Cir.). Petitioner contends that the *Green Solutions* case addresses issues similar to those in the instant case and that the appeal decision would provide guidance to the Court by eliminating the potential for inconsistent rulings. Counsel for Petitioner believes that there is a substantial likelihood the Tenth Circuit will find no delegation of authority to the IRS to investigate whether a taxpayer has violated federal drug laws. The Government's position is that Petitioner cannot show either that it is likely to succeed on the merits or that it will be irreparably injured absent a stay.

## DISCUSSION

The Court considers the following four factors when considering a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *U.S. v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

I.  **No Likelihood of Success on Merits**

Petitioner's sole support for showing a likelihood of success on the merits is the recollection by petitioner's counsel that the appellate judges questioned extensively about the standards set forth in Section 280E for the IRS' delegation of authority to investigate whether a taxpayer has violated federal drug laws.  Unfortunately, counsel for petitioner has not provided any portions of the oral argument transcript to support this contention, and ultimately it would not be the dispositive consideration in determining whether to grant a stay, for two reasons.

First, as the Government notes, other courts have found that the IRS can apply Section 280E to disallow the ordinary and necessary business deductions of a marijuana dispensary.  *See Olive v. Comm'r of Int. Rev.*, 792 F.3d 1146 (9th Cir. 2015) (affirming the Tax Court's decision that Section 280E precluded the taxpayer, a medical marijuana dispensary, from deducting any ordinary or necessary business expenses associated with trafficking in a controlled substance prohibited by federal law); *Alpenglow Botanicals, LLC, et al. v. United States*, 2016 WL 7856477 (D.Colo. 2016) (the IRS is charged with enforcing Section 280E and that it has the authority to make the factual determinations necessary to decide whether that provision applies to a taxpayer's trade or business).   These courts came to the same conclusion reached by this Court in ruling on the Government's Motion to Dismiss, finding that Section 280E is a civil statute and that its application has nothing to do with the enforcement of federal criminal law.  In *Alpenglow Botanicals,* the district court for the District of Colorado reasoned this way:

> . . . there is nothing in the language of § 280E that requires a criminal investigatory entity to delve into any such secretive business practices. Section 280E is placed in the *Internal Revenue* Code, and instructs that deductions should be disallowed if certain circumstances exist in a taxpayer's business. It would certainly be strange if the *Internal Revenue* Service was not  charged with enforcing that provision. The fact that selling marijuana may also constitute a violation of the CSA is simply a byproduct of § 280E using the CSA's definition of "controlled substances." Section 280E does not require that a criminal

3

> investigation be pursued against a taxpayer, or even that § 280E only applies if a criminal conviction under the CSA has been obtained. If Congress had wanted such an investigation to be carried out or conviction to be obtained, then it could easily have placed such language in § 280E. It did not, however. Plaintiffs assert repeatedly that § 280E requires the IRS to find that a crime has been committed and/or that a taxpayer has engaged in illegal activity . . . Even if these assertions are accurate, this does not transform the IRS' determination that § 280E applies into a criminal investigation, a criminal prosecution, or somehow the rendering of a criminal verdict.

*Alpenglow Botanicals, LLC v. United States*, 2016 WL 7856477, at *4.

The second reason for the Court's rejection of Petitioner's argument is that as the Government notes, the issue on appeal in *Green Solution* is not identical to the issue before this Court. The *Green Solution* plaintiffs sought to enjoin the IRS from investigating whether they were trafficking a Schedule I Controlled Substance in violation of the CSA, and asked the district court to enter a declaratory judgment that the IRS does not have jurisdiction to enforce the CSA. Instead, the district court in *Green Solution* dismissed that lawsuit because it concluded that it lacked jurisdiction to enjoin IRS in the matter at all. Specifically, the court found that it had no jurisdiction to enter an injunction under the Anti-Injunction Act, 26 U.S.C. §7421(a) based on the statute's language barring a court from restraining any assessment or collection of any tax, including "activities leading up to, and culminating in, such assessment and collection." *See Green Solution et al. v. U.S. et al.,* Civil Action No. 16-257 (USDC D.Colo.), Doc. 16 at 2, filed 6/7/16 (citing *Lowrie v. U.S.,* 824 F.2d 827, 830 (10th Cir. 1987)). The district court also found that it lacked jurisdiction to enter a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §2201(a) because that provision excludes civil suits for claims regarding federal taxes. *Id.* at 3.

The issue in the *Green Solution* case is whether a district court has jurisdiction to enjoin the IRS from conducting an investigation under Section 280E, whereas the issue in the instant

case is whether the IRS has been delegated authority to conduct civil tax audits that apply Section 280E of the Internal Revenue Code's civil liability provisions. These are not the same questions. Because the issue on appeal in the *Green Solution* differs from the issue before this Court, Petitioners in this case would not prevail on the merits simply because the *Green Solution* petitioners eventually prevail on the merits in that case. Moreover, in deciding the *Green Solution* case, even if the Tenth Circuit considers the issue of whether the IRS has been delegated authority to conduct civil tax audits that apply Section 280E of the IRS code, Petitioner has not shown it will prevail on the merits in light of the case law which appears to support the Government's position.

## II.   Irreparable Injury and Balance of Harm

The Court also agrees with the Government's argument that Petitioner cannot show it will suffer irreparable injury absent a stay. The IRS is currently conducting an examination to determine Petitioner's correct 2013 and 2014 tax liability, including whether Section 280E should apply to disallow all of Petitioner's ordinary and necessary business expenses. Denial of Petitioner's request for a stay would mean that the IRS will be able to use the information acquired from the summonses to continue its audit. Petitioner can choose one of two forums (either the Tax Court of U.S. District Court) to challenge an unsatisfactory result of this audit and to seek to remedy any alleged wrong that results from the audit. *See, e.g.,* 26 U.S.C. §§7422 & 6213. *See Feinberg v. Comm'r of Intern. Rev.*, 808 F.3d 813 (10th Cir. 2015) (denying writ of mandamus because an appeal in the normal course would suffice to supply any necessary remedy for the Tax Court's finding that the taxpayers, who operate a marijuana dispensary in Colorado, were not entitled to invoke the Fifth Amendment privilege in response to discovery issued by the IRS). Thus, because any errors committed by the IRS during the examination can be rectified in

a lawsuit before either the Tax Court or U.S. District Court, Petitioner cannot show that it will suffer irreparable harm without a stay.

On the other hand, a stay would injure the United States because the only purpose of a stay is to delay the completion of the IRS' audit of Petitioner, and since Petitioner has not shown a likelihood that it will win on the merits, the irreparable injury and balance of harm factors weigh in favor of denying a stay.

## III. Public Interest

The public inquiry factor is related to the balance of harm inquiry here, since delaying the IRS's investigation under Section 280E delays the public interest in seeing all taxpayers pay their fair share of taxes. The efficient collection of taxes that are justly owed from taxpayers who have underreported their liability prevents an unfair tax burden on millions of taxpayers who voluntarily file and pay their correct tax liabilities. This factor also weighs against Petitioner's request for a stay.

Accordingly, Petitioner has not satisfied the four-factor test used to determine whether a stay pending appeal is appropriate.

**THEREFORE,**

**IT IS ORDERED** that Petitioner's Ruling On Petition to Quash (**Doc. 15**) is hereby DENIED for reasons described in this Memorandum and Order. The Court will issue a separate Order Enforcing the Summons issued to Southwest Capital Bank .

_____
UNITED STATES DISTRICT JUDGE